UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 09-cv-1144 |
| VERSUS | JUDGE STAGG |
| TOMMY K. CRYER | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

This matter is before the court on the Government's **Petition to Enforce Internal Revenue Service Summons (Doc. 1)**. In response to a show cause order (Doc. 3), the respondent, Tommy K. Cryer ("Cryer"), objected to the summons on the basis of the Fifth Amendment. For the reasons that follow, it is recommended that Cryer's objections be overruled, the Government's Petition be **granted,** and the summonses enforced.

**Background**

The IRS is conducting an investigation into the tax liability of Cryer, a local attorney, for the years 2002-2007. Declaration of Richard Failla, ¶ 2. In connection with that investigation, the IRS issued two summonses to Cryer to give testimony and produce for examination certain financial records, including ledgers, bank statements, promissory notes, loan schedules, investment accounts, and similar financial records. Petition, Exhibit 2. Cryer did not appear in response to the summonses. Instead, Cryer sent the following letter to Failla:

> Dear Mr. Failla:
>
> This is to advise that with respect to the two summonses you left at my residence recently I will not be appearing nor producing any records or other documents you request.
>
> At the risk of being labeled a "Constitutionalist", your organization's latest addition to its name-calling list, I am invoking my right to decline to give testimony against myself or to provide access to any records I may or may not have, a right protected by the Constitution and recognized by the Supreme Court as applicable to IRS summonses.
>
> I realize that minor issues like Constitutional rights and limitations are inconvenient and irritating for your organization, but hope that you can understand that at least for the time being they are an important part of our culture and our legal system.

Petition, Exhibit 3.

The Petition establishes that: (1) Cryer has possession, custody or control of the information or documents which are the subject of the summonses; (2) the information and documents are relevant and material to the investigation; (3) the information or documents are not already in possession of the IRS; (4) all administrative steps required by the Revenue Code for the issuance of the summons have been taken; and (5) there is no Department of Justice referral with respect to Cryer.

**Applicable Law**

The IRS is authorized to issue summonses to compel any person having possession of books, papers, or other data to produce such materials when needed by the IRS to


determine the correctness of the tax return or otherwise to determine the tax liability of an individual. United States v. Barrett, 837 F.2d 1341, 1344 (5th Cir. 1988) (en banc). If the person does not comply with the summons, the IRS can file a petition for enforcement with the district court. Id.

In United States v. Powell, 379 U.S. 48, 57-58 (1964), the Supreme Court set forth four criteria that the IRS must establish to have a summons enforced:

(1) The IRS agent must show that the investigation will be conducted pursuant to a legitimate purpose;

(2) That the inquiry may be relevant to the purpose;

(3) That the information sought is not already within the IRS's possession; and

(4) That the administrative steps required by the Code have been followed.

Once the Government has carried its burden of proving the above requirements, the burden shifts to the party resisting the summons to challenge it on any appropriate ground. United States v. McCoy, 954 F.2d 1000, 1004 (5th Cir. 1992). While a proceeding to enforce a summons is an adversarial proceeding, it is not intended to be a full-blown trial but rather a summary proceeding. McCoy, supra. The district court's only task is to determine whether the summons should or should not be enforced. Barrett, supra. This inquiry is limited to ensuring that the Government has complied with the four Powell criteria, and that the court's process is not being abused. If good faith and legitimate purpose are found to exist, the summons should be enforced. Id. If they are not present, enforcement should be denied. Id;

United States v. Trenk, 2007 WL 174327 (D.N.J. 2007) ("When the taxpayer does not refute the prima facie case or cannot factually support an affirmative defense, the court should enforce the summons without an evidentiary hearing."). See also United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971) ("Before the government is called upon to make this showing, the summoned party must raise in a substantial way the existence of substantial deficiencies in the summons proceeding. Only when so raised is there a need for an evidentiary hearing ... .").

**Analysis**

As explained above, the Government's Petition easily meets the four Powell criteria. Failla's Declaration clearly establishes that the investigation is being conducted pursuant to a legitimate purpose; the inquiry is relevant to the purpose of the investigation; the information sought is not already in the IRS's possession; and all required administrative steps have been followed. Accordingly, the burden shifts to Cryer to resist the summonses on an appropriate ground.

Despite filing a 20-page opposition (Doc. 4), Cryer resists the summonses solely on the basis of his Fifth Amendment privilege. Indeed, Cryer's memorandum concedes that, under the controlling jurisprudence, the IRS has very broad summons authority, and the IRS's burden of proof is "very minimal" when it seeks to enforce a summons. Doc. 4, p. 3. Following a lengthy exposition on the history and development of the Fifth Amendment privilege against self-incrimination (Doc. 4, pp. 4-17), Cryer argues in his memorandum that

there is no relevant question the IRS could pose during any interrogation that would not meet with Cryer's invocation of his Fifth Amendment right. With regard to Cryer's particular situation, he states in his memorandum:

> IRS claims it wishes to interrogate Respondent as well as obtain records demanded, but Respondent objects to giving testimony against himself in either form, whether through the testimonial aspects of providing records and documents or through the actual act of testimony. Respondent is not without some experience with respect to the mover in this matter and has good cause to believe that *no semblance of fair play is to be expected.* In view of the IRS's previously demonstrated propensity to prosecute citizens regardless of their guilt; their history of concealing and obstructing the redress of internal violations of law, including perjury, violations of stays, unauthorized promises of immunity in order to persuade others to join in violations, ex parte communications, unlawful disclosure of secret grand jury proceedings and other egregious acts, *Respondent considers all actions of the mover to be with subversive and corrupt motive.*
>
> Mover has historically taken the position that there are no activities remaining that are within the reservations of the Tenth Amendment to the States and the people, and, accordingly, would treat any activities or events of which Respondent might testify as being within the Constitutionally limited jurisdiction of the federal government and within the similarly limited realm of its taxing authority. Accordingly, *any question that the IRS could pose during any interrogation other than name, date of birth, address and serial number would meet with the response of invocation of Respondent's Fifth Amendment right (not privilege) to refuse to give testimony against himself.* The only questions that would not be so objectionable would be questions whose answers would not bear on any potential issue which would, by their very nature, be irrelevant and immaterial.

Cryer Brief, Doc. 4, pp. 18-19 [italics added].

Clearly, the above statements show that Cryer holds the IRS with a high degree of contempt. The court notes that Cryer was charged in this court with two counts of willful failure to make an income tax return and to pay income taxes in 2001 and 2002. See <u>United States v. Tommy K. Cryer</u>, Criminal No. 06-50164-01, Superceding Indictment, Doc. 76, filed July 9, 2007. A jury found Cryer not guilty on both counts. 06-cr-50164-01, Doc. 85 (verdict form). However, other than Cryer's general disdain for the IRS and his blanket assertion of his Fifth Amendment privilege, Cryer sets forth no justification whatsoever to resist the IRS's summonses.

A similar situation was addressed in <u>United States v. Redhead</u>, 194 Fed. Appx. 234 (5th Cir. 2006). In that case, a taxpayer sought to resist enforcement of an IRS summons seeking the taxpayer's bank statements, checkbooks, and the like. The court applied a two pronged analysis into the applicability of the taxpayer's Fifth Amendment privilege:

> First, we must determine whether the summoned information is incriminating in nature, either on its face or in the context of the circumstances that the information is requested. [cite omitted.] Second, if the information is found to be incriminating, then the court must determine whether the proponent's asserted apprehension of criminal prosecution is reasonable under the circumstances.

194 Fed. Appx. at 236. The district court found, and the Fifth Circuit agreed, that the documents were not incriminating in nature. The taxpayer never pointed the court to any particularized reason why the requested documentation would be self-incriminating. Instead, the taxpayer made only generalized comments. According to the Court: "The proponent must

establish more than speculative or generalized allegations of the potential for self-incrimination." Id. Moreover, because the documents requested by the IRS pertained only to the taxpayer's asset holdings, the documents were not inherently incriminating in nature. Finally, the Court found that the taxpayer failed to submit any contextual proof that the documents were incriminating in nature. Because the documents were neither incriminating on their face nor in the context of the circumstances in which the information was requested, the Court did not need to reach the question of whether there was a reasonable apprehension of criminal prosecution. Accordingly, the taxpayer failed to substantiate his claim of self-incrimination. The Fifth Circuit affirmed the district court's grant of the petition to enforce the IRS summons.

In United States v. Pate, 105 Fed. Appx. 597 (5th Cir. 2004), the Court also found that taxpayers failed to establish Fifth Amendment protection for documents and testimony pertaining to the taxpayers' failure to file income tax returns for several years. The Court stated that the IRS may enforce a summons provided that the IRS's purpose is not solely the pursuit of a criminal investigation. According to the Court, if the taxpayer fails to carry that burden, the summons is enforceable and the taxpayer must present himself with the requested documents. It is then that the taxpayer must raise the Fifth Amendment privilege defense for each document and each question. The court cannot issue a blanket refusal, but must consider each document or question and determine if, in each instance, the claim of self-incrimination is well founded. Id.

The Court found that taxpayers failed to carry their burden of showing that the IRS's purpose in issuing the summons was solely criminal. Id. at 599. The IRS agent testified that the agency had not initiated a criminal referral in the case, and the purpose of issuing the summons was to determine if the taxpayers owed any taxes. Furthermore, the Court found that the documents in question pertained to the amount of income the taxpayers earned in certain years (when they did not file returns), and those documents did not answer the question of whether the taxpayers' income level required them to file a tax return. According to the Court, the fact that a taxpayer may have been required to file a tax return is not, in itself, evidence of tax fraud or a criminal failure to file. Id at 600. The IRS would be required to prove other factors beyond the mere failure to file.

**Summary and Conclusion**

The Government has made a prima facie case for enforcement of the summonses issued by the IRS to Cryer. However, Cryer has not carried his burden of showing that the Powell criteria have not been met. Cryer has also not shown that the financial records and information sought by the IRS are incriminating in nature, either on their face or in the context of the circumstances that the information is sought. The Declaration of Failla shows that there is no Department of Justice referral with respect to Cryer, and Cryer does not dispute that. Cryer also does not deny that he has possession, custody, or control of the records sought. His generalized comments, such as assertions of the IRS's lack of fair play, the IRS's alleged subversive and corrupt motive, and Cryer's representation that every

question (other than name, address, etc.) would be met with a blanket invocation of his Fifth Amendment privilege, are insufficient to defeat the Petition or substantiate Cryer's Fifth Amendment privilege. Accordingly, the IRS's summonses should be enforced.

Accordingly;

**IT IS RECOMMENDED** that the **Petition to Enforce Internal Revenue Service Summons (Doc. 1)** be **granted** and that Cryer be ordered to comply with the summonses.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of March, 2010.

                                                                                           _____
                                                                                           MARK L. HORNSBY
                                                                      UNITED STATES MAGISTRATE JUDGE